UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY J. LEAF, individually and as personal representative of the Estate of JOHN PATRICK LEAF, Deceased, MARTHA A. LEAF, and CHARMAYNE E. THOMAS, minor child of JOHN PATRICK LEAF, by her next friend, LARRY LEAF,<br>    Plaintiffs,<br><br>  vs.<br><br>MARION COUNTY SHERIFF JACK COTTEY, in his official capacity, DEPUTY RONALD SHELNUTT, in his individual capacity, and DEPUTY ANDREW JACOBS, in his individual capacity,<br>    Defendants. | 1:02-cv-0433-LJM-VSS |

**ORDER ON PLAINTIFFS' MOTION TO RECONSIDER COURT'S
ORDER REGARDING COUNSEL'S PARTICIPATION AT TRIAL**

  This matter is before the Court on Plaintiffs' oral motion for the Court to reconsider its previous order regarding the participation of Attorney John F. Kautzman as a witness in the trial of this case (the "July 19 Order"). To review briefly, Attorney Kautzman has an appearance in this case in which he notifies the Court that he will defend Deputy Ronald Shelnutt against the allegation that Deputy Shelnutt's conduct requires the presentation to the jury of the issue of punitive damages. Other counsel represents Deputy Shelnutt on Plaintiffs' allegation that he violated John Leaf's civil rights. The civil rights case will be tried by the same jury as the second claim alleged in the complaint, that of negligent hiring, retention and supervision. Kautzman has not appeared for the Marion County Sheriff Jack Cottey, who is the only defendant in the second count.

## I. <u>BACKGROUND</u>

In further review of the circumstances leading up to this entry, the uncontroverted evidence in this case is that Attorney Kautzman represents the state and local Fraternal Order of Police ("FOP"). Deposition of John F. Kautzman ("Kautzman Dep.") at 10. Members of the local FOP are, pursuant to the contract between the FOP and Kautzman's law firm, entitled to the representation of Kautzman's firm at any time they are involved in a police action shooting. *Id.* at 18. This benefit of FOP membership includes legal representation at the time the involved officer gives his statement to the Sheriff's Department, as well as before the firearms review board and grand jury inquiries, among others, that routinely occur after a police action shooting. *Id.* at 18, 38.

It is also uncontroverted that on the evening of the shooting about which this case is concerned, Kautzman was called to the scene to meet with Deputy Shelnutt very soon after the shooting occurred. Kautzman arrived on the scene, interviewed and established his attorney client relationship with Deputy Shelnutt. Kautzman then went to the room in which the shooting took place, looked around, perhaps spoke with other police officers on the scene and then accompanied Deputy Shelnutt to the Sheriff's Department sometime later. This he did in performance of his obligation under the contract to provide appropriate representation during the internal investigation of the shooting by the Sheriff's Department.

Kautzman's presence at the scene the night of the shooting, prior to the scene having been processed by the investigating officers, has been the source of much consternation for the parties to this suit. Several motions have been presented to this Court concerning Kautzman's presence on the scene. Questions such as when he was in the room where the shooting took place, what was said to him, what he said to others, what he saw and what he did at the scene have been raised. The

attorney-client relationship that might have been established between Deputy Shelnutt and Kautzman prior to him entering the room where the shooting occurred also concerned the parties and the Court. Thus, the parties have raised issues of attorney work product and professional responsibility.

In order to determine what Kautzman's role was at the scene and to discover what he observed so that an application of the appropriate principles could ensue, this Court ordered the taking of Kautzman's deposition regarding several discreet areas of inquiry. Plaintiffs completed Kautzman's deposition on January 12, 2004. An examination of the transcript of that deposition confirmed that Kautzman was called to the scene by the dispatcher or a communications supervisor early in the investigative process. *Id.* at 19. He immediately established his attorney-client relationship with Deputy Shelnutt prior to conducting his own investigation. *Id.* at 21-22. In his deposition, Kautzman established that it was routine for him to be called to the scene of police action shootings in order to discharge the contractual responsibility his law firm had undertaken in its agreement with the FOP. *Id.* at 19-20.

At his deposition Kautzman confirmed that he was able to observe the room in which the shooting took place while the body of the deceased was still present and reportedly had not been moved. *Id.* at 34-35. Kautzman does not remember who else was in the room the same time he was. *Id.* The crime scene technician recalls that he was not permitted to enter the room where the shooting occurred until the same time Kautzman entered. Deposition of Michael Estep ("Estep Dep.") at 20-22. Kautzman acknowledges some casual conversation with other individuals at the scene and he spoke with Detective Pollard about the procedure for Deputy Shelnutt giving his statement that night. Kautzman Dep. at 37-38, 41. Kautzman does not remember specific conversations with several other witnesses at the scene. *Id.* at 56-57. His testimony was that his

3

memory for specific facts, such as the presence or location of a knife, might be tainted by what he learned later in his representation of his client. *Id.* at 44-45. Kautzman has urged the Court that because he lacks specific memory of certain relevant facts at the scene, his testimony is not necessary to the Plaintiffs' case.

## II. DISCUSSION

It is the very notion of necessity – that is, whether it is necessary to a fair presentation of Plaintiffs' case to the jury that Kautzman testify – that this Court is now reconsidering. No one is suggesting that the testimony of an individual who was on the scene of a shooting before the processing of the scene by the crime lab is not relevant. Even if the testimony reveals a lack of memory on some of the issues, the testimony is relevant. The July 19 Order found that Kautzman's testimony was not necessary to a fair presentation of this case to a jury. Again, it is that finding that is under reconsideration. The Court heard argument on Plaintiffs' oral motion for reconsideration at the status conference on Friday, July 22, 2005.

At argument, counsel for Defendants reminded the Court it had found that Plaintiffs had simply not carried their burden of showing that the testimony of Kautzman was necessary. Defendants argued further that relevant testimony from Kautzman would be cumulative, thus inviting the Court to make an analysis of admissibility under Federal Rule of Evidence 403. Plaintiffs pointed out that the absence of Kautzman as a witness would necessitate redacting Kautzman's name from several exhibits and striking from the testimony of all the fact witnesses and some expert witnesses any reference to Kautzman's presence at the scene. Plaintiffs expressed a concern that they could be prejudiced by this missing evidence as the jury would become frustrated

4

by the obviously missing pieces to the story about the night of the shooting. The prejudice caused by the lack of testimony is what causes the Court to reconsider the necessity of Kautzman's testimony.

There is no question that Kautzman was legitimately on the scene of a police action shooting, discharging his duty to members of the FOP pursuant to an agreement between the FOP and his law firm. That agreement entitled Deputy Shelnutt to legal representation for his role in a police action shooting. The Court has no reason to doubt Kautzman when he testified at his deposition that he went into the apartment and the room in which the shooting occurred as a part of his own effort to put the scene into context in preparation of his representation of his client. *See id.* at 34.

The only question is whether, by going into the apartment, proceeding to the room, examining the contents of the room before the crime lab had done its work, observing the position of the decedent, and conversing with officers with whom he had not established an attorney-client relationship, Kautzman has made himself a necessary witness to Plaintiffs' excessive force count. The issue is not so much what Kautzman remembers of the scene as it is that he availed himself of an opportunity to examine the scene. The issue is whether by "getting a visual context" he put himself in a position to become a necessary witness.

### A. ATTORNEY KAUTZMAN AS A FACT WITNESS

Under a normal 403 balancing test, Kautzman's testimony is relevant. An eye witness' testimony about the scene before investigators begin to process the scene certainly is relevant. Should the person in Kautzman's shoes not been an attorney who had established an attorney-client relationship with the shooter, there would be no question of his availability for testimony at trial.

5

Here the notion of necessity is what clogs the analysis. The normal relevance versus prejudice balance of Federal Rule of Evidence 403 begins with weighing the relevance of the testimony verses the prejudice to the objecting party by the testimony's inclusion. The testimony may be relevant but excludable because it is prejudicial, cumulative or will cause confusion. Fed. R. Evid. 403. None of those exclusions apply here. Instead of the usual simple analysis of relevance and prejudice, the issue invokes the credibility of the defendant, his attorney, and several fact witnesses. That is, if Kautzman's testimony is offered, it puts his own credibility, and by association that of Deputy Shelnutt, at issue. For that reason, the Court has examined the issue of whether Kautzman's testimony is so necessary to Plaintiffs' case that the necessity trumps Deputy Shelnutt's right to have Kautzman as his attorney.

In this case, the Court must examine the prejudice to the party offering the testimony if it is excluded. Without Kautzman's testimony, and without references to him at the scene, there will be a gap in the testimony of what actually occurred on the date of the shooting. If the Court does not allow the jury to know of Kautzman's presence and factual observations, the Court is unnecessarily limiting Plaintiffs' ability to offer the jury testimony from the small number of witnesses who saw the bedroom as it looked immediately after the shooting. It is of grave concern to the Court that the jury hear fully and fairly from each witness in this case. It is essential that the jury not be led to the conclusion that the parties or the Court have withheld relevant evidence or failed to disclose the presence of witnesses at the scene of the shooting.

Furthermore, the gap is a two-edged sword of prejudice. There is prejudice to the Plaintiffs because the factual observations of an eye witness to the scene shortly after the shooting and prior to any investigative processing of the scene will not be available to the jury. But, paradoxically,

there will be prejudice to the defendant, Deputy Shelnutt, because the absence of evidence from one present at the scene may suggest cover-up or at least shake the credibility of other officers' testimony.

The Court can only speculate how a jury will react to the absence of testimony of a witness on the scene, particularly when the witness is present in court representing the officer involved in the shooting. This is particularly troublesome when a plethora of evidence in reports and from other witnesses present at the scene puts Kautzman at the scene and in a position to make factual observations. To keep from the jury any knowledge of Kautzman's presence, numerous redactions would be necessary, which may only heighten the jury's tendency to fill the missing gaps with unwarranted inferences.

In other words, a finding that Kautzman's testimony is not necessary invites the jury to speculate about Kautzman's presence, which is tantamount to inviting the jury to resolve the dispute based on what they do not see and do not hear rather than on what they do see and do hear. It ill behooves the Court to conclude that an eyewitness's testimony, which survives the Rule 403 balancing test, and without which the jury will not be given the benefit of testimony from an otherwise available witness, is unavailable simply because that witness is a lawyer. Because the prejudice to both parties that likely would result from the exclusion of relevant evidence is great, the Court finds Kautzman's testimony is necessary.

### B. ATTORNEY KAUTZMAN AS AN ADVOCATE

Once the determination is made that Kautzman's testimony is necessary and admissible, his credibility becomes an issue and becomes intertwined with the credibility of his client, who may

suffer therefrom. Kautzman's credibility as a witness is endangered because his role as an advocate likely will lead jurors to infer a bias in favor of Deputy Shelnutt. The attorney-client relationship become suspect before the jury and Kautzman's ability to professionally represent his client is compromised beyond repair. If Kautzman is allowed to proceed as counsel for Deputy Shelnutt even for the limited purpose of defending him on the punitive damages issue, Kautzman will be in the untenable position of having to defend his own credibility. This circumstance would rob Deputy Shelnutt of the benefit of an objective attorney for the damages phase of his trial. Indeed, just Kautzman's presence at council table might indicate an improper relationship between himself, Deputy Shelnutt, and Deputy Shelnutt's other counsel.

Thus, the Court is left with no alternative but to disqualify Attorney Kautzman from acting as an advocate at the trial of this case. Pursuant to Professional Responsibility Rule 3.7, the Court finds Attorney Kautzman's testimony is necessary to prevent undue prejudice to all parties, and he is therefore prohibited from appearing as an advocate in the trial of this case.

### III. CONCLUSION

For the reasons explained herein, the Plaintiffs' oral motion to reconsider the Court's July 19 Order is **GRANTED**. Attorney John F. Kautzman may be called as a fact witness at trial, and is disqualified from acting as an advocate at trial.

IT IS SO ORDERED this 28th day of July, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed to:

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Laurel S. Judkins
OFFICE OF CORPORATION COUNSEL
ljudkins@indygov.org

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jfk@rucklaw.com

Andrew J. Mallon
OFFICE OF CORPORATION COUNSEL
amallon@indygov.org

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

Stephen M. Wagner
WAGNER REESE & CROSSEN LLP
swagner@injuryattorneys.com