UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY J. LEAF, individually and as personal representative of the Estate of JOHN PATRICK LEAF, Deceased, MARTHA A. LEAF, and CHARMAYNE E. THOMAS, minor child of JOHN PATRICK LEAF, by her next friend, LARRY LEAF,<br>　　　　Plaintiffs,<br><br>　　vs.<br><br>MARION COUNTY SHERIFF JACK COTTEY, in his official capacity, DEPUTY RONALD SHELNUTT, in his individual capacity, and DEPUTY ANDREW JACOBS, in his individual capacity,<br>　　　　Defendants. | 1:02-cv-433-LJM-VSS |

**ORDER ON DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION FOR SANCTIONS FROM THE COURT'S ELECTRONIC DOCKET AND FOR PLAINTIFFS AND THEIR COUNSEL TO BE HELD IN CONTEMPT OF COURT**

　　This matter is before the Court on a motion by the defendants, Marion County Sheriff Jack Cottey, in his official capacity and Deputy Ronald Shelnutt, in his individual capacity ("Defendants"), to strike from the Court's docket the plaintiffs' motion for sanctions, based on the plaintiffs' alleged violation of protective orders in this case. Further, Defendants move the Court to hold the plaintiffs, Larry J. Leaf, individually and as personal representative of the Estate of John Patrick Leaf, Martha A. Leaf and Charmayne E. Thomas by her next friend Larry Leaf ("Plaintiffs"), and Plaintiffs' counsel in contempt of Court for the alleged violations. For the reasons set forth herein, Defendants' motion is **DENIED**.

## I. BACKGROUND

Plaintiffs filed a motion with this Court on July 28, 2005, seeking sanctions for Defendants' alleged discovery abuses. That motion need not be explored in detail here, except to say that Plaintiffs attached several exhibits to their motion that Defendants claim should have been filed under seal. Specifically, Defendants argue that by making those exhibits public on the Court's electronic filing system, as well as exhibits to several other filings, the Plaintiffs violated protective orders that govern this case.

The Court has entered several protective orders in this case. On February 25, 2003, the Court entered an agreed protective order that personnel records from the Marion County Sheriff's Department ("MCSD"), Deputy Shelnutt's social security number, and current and former residential addresses for Deputy Shelnutt should be kept confidential. The Court further ordered that:

> Plaintiffs, their counsel and agents not disseminate this information to any third parties except as reasonably necessary for Plaintiffs' prosecution of this action without filing a motion to do so with the Court. Failure of Plaintiffs, their counsel or counsel's agents to abide by this order shall be punishable by contempt of court proceedings.

(Docket # 40)[1] On June 30, 2003, the Court entered an order that "internal investigative files and information related to the shooting at issue and complaints of other types of misconduct against" MCSD officers would be subject to the same confidentiality provisions as in the February 25, 2003, order. (Docket # 117) The parties anticipated that privileged documents would be produced in response to Plaintiff Larry Leaf's Interrogatories to Defendant Cottey Nos. 5-6 and Document Request to Defendant Cottey Nos. 29-30. (*Id.*) Interrogatory to Defendant Cottey No. 5 reads:

---

[1] On April 28, 2003, the Court entered an order that documents from the MCSD Firearms Review Board would be subject to the same provisions. None of the parties have asserted the April 28, 2003, order is relevant to this motion.

>  For any complaint, formal or informal, filed with the MCSD or its agents alleging misconduct on the part of Officer Ronald Shelnutt, state:
>
>  (a) the name, address and telephone number of the complainant;
>  (b) the date of the complaint;
>  (c) the substance of the complaint; and
>  (d) the ultimate disposition of the complaint, including any discipline imposed on Officer Shelnutt.

Two other protective orders state that certain documents will be deemed confidential and that if a party files a document with the Court, it must file the document under seal. These protective orders also state that documents produced thereunder "shall be designated or stamped 'Confidential.'" The first category of documents subject to these protections is "psychological records of Ronald Shelnutt that were created during his fitness for duty examination and cellular phone number of certain [MCSD] deputies." (Docket # 73, May 8, 2003). The other documents are "documents from the Lawrence Police Department . . . which contain financial information, medical records, psychological testing and reports" and "credit reports, financial information, psychological testing and evaluative information, and polygraph testing and evaluative information regarding Ronald Shelnutt" from the Indianapolis Police Department or any other source. (Docket # 95, May 30, 2003).

Defendants allege that Plaintiffs violated the protective orders when they filed the following: Statement of Efforts to Resolve Discovery Dispute (Docket # 23), Plaintiffs' Memorandum in Support of Motion to Compel (Docket # 24), Plaintiffs' Motion for Sanctions (Docket # 72), and Plaintiffs' Response in Opposition to Defendants' Motions in Limine (Docket # 77). Specifically, the Defendants are concerned that Plaintiffs disclosed information regarding formal and informal complaints filed with MCSD that allege misconduct by Deputy Shelnutt, including a pending

disciplinary matter known among the parties as the "Fishers Incident."

## II. STANDARD

For the Court to hold a party in civil contempt, it "must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." *Grove Fresh Distrib., Inc. v. John Labatt, Ltd.*, 299 F.3d 635 (7th Cir. 2005). The party seeking the contempt order must prove by clear and convincing evidence that the party violated a clear and unambiguous order of the Court. *See Goluba v. School Dist. of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995).

## III. DISCUSSION

Defendants have not met their burden to show that Plaintiffs violated any of the protective orders in this case. The only documents that are required to be filed with the Court under seal are (1) "psychological records of Ronald Shelnutt that were created during his fitness for duty examination and cellular phone number of certain [MCSD] deputies" (Docket # 73, May 8, 2003); and (2) "credit reports, financial information, psychological testing and evaluative information, and polygraph testing and evaluative information regarding Ronald Shelnutt" and his mental or physical health records. (Docket # 95, May 30, 2003) Defendants do not allege that Plaintiffs filed any of these documents in violation of their respective protective orders.

Defendants' complaint is much more centered around the Plaintiffs' filing of documents that relate to complaints about Deputy Shelnutt's conduct, unrelated to the events at issue in this case, including internal MCSD memoranda. A close look at the protective order governing those

documents, mostly documents produced in response to Larry Leaf's Interrogatory to Defendant Cottey No. 5, does not require that those documents be filed under seal. Rather, Plaintiffs are prohibited from disclosing those confidential documents to third parties, "except as reasonably necessary for Plaintiffs' prosecution of this action." (Docket # 117)

Where the parties intended confidential documents to be filed under seal, they clearly agreed to such in the May 8, 2003, and May 30, 2003, protective orders. It is the Court's view that if Defendants also wanted documents related to complaints about Deputy Shelnutt to be filed under seal, it could have moved the Court for an order requiring the procedure. The June 30, 2003, protective order does not require the parties to file under seal. The Court learned at the oral argument on this motion that Defendants have clearly marked some documents as "Confidential" when Defendants produced documents pursuant to the May 8, 2003, and May 30, 2003, protective orders. The documents about which Defendants complain in this motion were not marked "Confidential," which indicates that Defendants knew the documents were not subject to those protective orders.

Further, Defendants also have disclosed the type of information they now wish to have been filed under seal. For example, in their Memorandum of Law in Support of Motion in Limine, Defendants described at least five (5) incidents of citizen complaints against Deputy Shelnutt. (Docket # 33) Defendants did not file their memorandum under seal, which leads the Court to believe Defendants did not think that procedure was necessary.

Plaintiffs also did not violate any protective order when Plaintiffs' counsel, Stephen M. Wagner, spoke to television news reporters for a story that aired on August 29, 2005. Mr. Wagner made no reference to any specific incidents or evidence in this case. Mr. Wagner's statements that

Deputy Shelnutt has engaged in a pattern of misconduct and use of excessive force were no different from many of the allegations in Plaintiffs' complaint.

## IV. CONCLUSION

For the reasons stated herein, Defendants' motion to strike Plaintiffs' motion for sanctions, and for Plaintiffs and their counsel to be held in contempt of Court is **DENIED**.

IT IS SO ORDERED this 31st day of August, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution to:

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

William A. Hasbrook
RUCKELSHAUS ROLAND KAUTZMAN
   BLACKWELL & HASBROOK
wah@rucklaw.com

Laurel S. Judkins
OFFICE OF CORPORATION COUNSEL
ljudkins@indygov.org

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN
   BLACKWELL & HASBROOK
jfk@rucklaw.com

Andrew J. Mallon
OFFICE OF CORPORATION COUNSEL
amallon@indygov.org

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

Stephen M. Wagner
WAGNER REESE & CROSSEN LLP
swagner@injuryattorneys.com