UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

LARRY J. LEAF, individually and as personal )
representative of the Estate of JOHN PATRICK )
LEAF, Deceased, MARTHA A. LEAF, and )
CHARMAYNE E. THOMAS, minor child of )
JOHN PATRICK LEAF, by her next friend, )
LARRY LEAF, )
         Plaintiffs, )
 )
vs. )       1:02-cv-0433-LJM-VSS
 )
MARION COUNTY SHERIFF JACK )
COTTEY, in his official capacity, DEPUTY )
RONALD SHELNUTT, in his individual )
capacity, and DEPUTY ANDREW JACOBS, )
in his individual capacity, )
         Defendants. )

**ORDER ON DEFENDANTS' MOTION TO RECONSIDER
COURT'S ORDER REGARDING COUNSEL'S PARTICIPATION
AT TRIAL OR FOR CERTIFICATION TO PERMIT APPEAL**

This matter is before the Court on the motion of the defendants, Marion County Sheriff Jack

Cottey, in his official capacity, and Deputy Ronald Shelnutt, in his individual capacity

("Defendants"), for the Court to reconsider its July 28, 2005, order ("Order") disqualifying attorney

John F. Kautzman from representing Deputy Shelnutt at trial.  In the alternative, defendants seek to

have the Court certify the Order for interlocutory appeal.  For the reasons stated herein, Defendants

motion is **DENIED**.

## I.  BACKGROUND

On July 19, 2005, after this case had been to the Seventh Circuit Court of Appeals and back

again, the Court ruled on an earlier motion by the plaintiffs, Larry J. Leaf, individually and as personal representative of the Estate of John Patrick Leaf, Martha A. Leaf, and Charmayne E. Thomas (collectively, "Plaintiffs"), for the Court to determine whether Attorney Kautzman could be called as a fact witness at the trial of this case.  At that time, the Court determined that Attorney Kautzman should not be called because his role as both fact witness and advocate would be confusing to the jury.  According to Indiana Rule of Professional Conduct 3.7, Attorney Kautzman could be disqualified as an advocate if his testimony as a fact witness was necessary to the Plaintiffs' case, and the Court determined that Attorney Kautzman's testimony was not necessary.  Thus, the Court ordered Plaintiffs to strike Attorney Kautzman from their witness list, and for all parties to omit any reference  in testimony and exhibits to Attorney Kautzman's presence at the scene of the shooting.

On Plaintiffs' motion, the Court reconsidered its ruling, concluding that Attorney Kautzman's testimony was necessary to a full and fair presentation to the jury about the events on the night of the shooting.  Order at 7.  Otherwise, the Court concluded, Plaintiffs would suffer prejudice from the exclusion of relevant evidence, and Deputy Shelnutt would suffer prejudice from the speculation the jury could make about the obvious exclusion of evidence.  *Id.*  Thus, the Court disqualified Attorney Kautzman from acting as an advocate at trial.  It is this order of disqualification that Defendants ask the Court to reconsider or, in the alternative, seek to appeal.

## II. <u>DISCUSSION</u>

Reconsideration is not proper here, because the Court already has considered all the parties' arguments on the issue of Attorney Kautzman's participation at trial.  The Court has determined that

the only way to present the jury with all the relevant and admissible evidence necessary for all parties to have a fair trial, is to permit Plaintiffs to call Attorney Kautzman as a witness.  The Court may grant a motion for reconsideration to correct an error of law or fact, or where it has misunderstood a party.  *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191  (7th Cir. 1990).  Defendants have not presented the Court with any new facts or argument on this issue.  Their motion for reconsideration is **DENIED**.

The Court will certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) if the Court is of the opinion that "(1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed."  *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir. 2002).  The issue of Attorney Kautzman's representation at trial does not control the outcome of this case.  Attorney Kautzman has been permitted to continue his representation of Deputy Shelnutt in all respects except in front of the jury.  Deputy Shelnutt was granted time to make a decision about new trial counsel, and he chose to retain another member of Attorney Kautzman's law firm.  The Court continued the trial date, granting Deputy Shelnutt's new counsel's request for several months to prepare for trial.  Defendants' have not demonstrated that this issue is controlling in this case.

Furthermore, the Court is not persuaded that an immediate appeal will expedite the resolution of the litigation.  Because the issue of Attorney Kautzman's participation as an advocate at trial does not bear on the outcome of any issue to be tried, the appeals court's determination would not resolve any matters for trial.  Instead, the parties would be diverting time and resources to an appeal, rather than preparing for trial.  If Deputy Shelnutt believes he has suffered an injustice by the Court's

3

Order, he can appeal that issue at the close of trial. Defendants' motion for certification for interlocutory appeal is **DENIED**.

### III. <u>CONCLUSION</u>

The Court has made the determination that is most fair to all parties, including Deputy Shelnutt, for the orderly and logical presentation of evidence to the jury. Immediate appeal of that decision will not affect the outcome of the case or further the resolution of any issue to be tried. For these reasons, Defendants' motion is **DENIED**.

IT IS SO ORDERED this 22nd day of November, 2005.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

William A. Hasbrook
RUCKELSHAUS ROLAND KAUTZMAN
   BLACKWELL & HASBROOK
wah@rucklaw.com

Laurel S. Judkins
OFFICE OF CORPORATION COUNSEL
ljudkins@indygov.org

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN
   BLACKWELL & HASBROOK
jfk@rucklaw.com

Andrew J. Mallon
OFFICE OF CORPORATION COUNSEL
amallon@indygov.org

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

Janice Smith
JANICE E SMITH & ASSOCIATES
617 East Michigan Street
Indianapolis, IN 46202

Stephen M. Wagner
WAGNER REESE & CROSSEN LLP
swagner@injuryattorneys.com