UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY J. LEAF, *et al.*,  )  | |
|         Plaintiffs,  ) | |
|   ) | |
|   vs.   ) | 1:02-cv-0433-LJM-VSS |
|   ) | |
| MARION COUNTY SHERIFF   ) | |
| JACK COTTEY, *et al.*,   ) | |
|         Defendants.   ) | |

## ORDER ON PLAINTIFFS' MOTION TO STRIKE
## UNDISCLOSED EXPERT OPINION TESTIMONY

This cause is now before the Court on plaintiffs', Larry J. Leaf, individually and as personal representative of the Estate of John Patrick Leaf (the "Estate"), Deceased, Martha A. Leaf, and Charmayne E. Thomas, minor child of John Patrick Leaf, by her next friend, Larry J. Leaf (collectively, "Plaintiffs"), Motion to Strike Undisclosed Expert Opinion Testimony.  Plaintiffs contend that the Court should strike defendants', Marion County Sheriff Jack Cottey, in his official capacity and Deputy Ronald Shelnutt ("Shelnutt"), in his personal capacity (collectively, "Defendants"), proffered testimony by John E. Pless, M.D. ("Dr. Pless"), at his trial deposition on December 15, 2005, on subject matter that was not previously addressed by Dr. Pless in his autopsy examination or his report, pursuant to Federal Rule of Civil Procedure 26(a)(2) ("Rule 26(a)(2)").  Defendants argue that Plaintiffs opened the door to such testimony during their direct examination of Dr. Pless, and that Plaintiffs should not be allowed to use Dr. Pless' testimony in their case-in-chief because Dr. Pless is Defendants' witness.

The Court finds that Plaintiffs' motion should be **GRANTED in part and DENIED in part**.

## I. BACKGROUND

Dr. Pless supervised the autopsy on the decedent's body after he was shot by Shelnutt on the night of May 4-5, 2001. Dr. Pless also generated a report based on that autopsy.

Dr. Pless appears on both parties' witness lists and was first deposed by the parties on April 16, 2003. However, Dr. Pless does not appear on Defendants' expert witness list. In preparation for trial, and because Dr. Pless will be out of the country when the trial starts, the parties videotaped Dr. Pless' "trial deposition" on December 15, 2005. The instant motion is directed to testimony elicited by Defendants during the later deposition.

Specifically, Plaintiffs object to: 1) Dr. Pless' trial deposition testimony regarding the degree of John Patrick Leaf's ("Mr. Leaf") impairment due to alcohol intoxication, the impact of Mr. Leaf's alcohol intoxication upon his ability to feel pain, and whether Mr. Leaf was an acute chronic alcoholic, Pless Tr. Dep. at 97-102; 2) Dr. Pless' trial deposition testimony regarding the location of Shelnutt's gun when it was fired and the amount of time elapsed between each of the three wounds, *id.* at 93-95, 104, 107-08; 3) Dr. Pless' trial deposition testimony regarding blood splatter at the scene of the shooting, *id.* at 105-06; and 4) Dr. Pless' trial deposition testimony regarding whether or not he would expect to see blood on the knife found in the apartment if Mr. Leaf had been holding it when he was shot, and whether or not arterial spurting would occur as a result of certain wounds and offer opinions about whether blood at the scene was a result of arterial spurting, *id.* at 83-84, 91-92. Plaintiffs argue that these opinions were not proffered by this witness prior to his trial deposition via report or otherwise as required by the Federal Rules of Civil Procedure, that Defendants never disclosed Dr. Pless as an expert witness for any purpose as required, and that Plaintiffs have been prejudiced by the omission.

Defendants contend that as a treating physician, they need not have disclosed Dr. Pless' opinions pursuant to the Federal Rules of Civil Procedure and that Plaintiffs opened the door to these opinions through their questions at Dr. Pless' 2003 deposition and on direct examination. In addition, Defendants argue that Plaintiffs should not be able to use Dr. Pless in their case-in-chief because he is Defendants' expert.

## II. STANDARD

Federal Rule of Civil Procedure 37(c)(1) ("Rule 37(c)(1)") provides:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). The Seventh Circuit has stated that "[t]he excluseion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) (citing *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)).

## III. DISCUSSION

At the outset, the Court finds that Defendants failed to comply with Rule 26(a)(2)(A) when they did not disclose Dr. Pless as an expert witness when they intended to offer his opinions on subjects such as reconstruction of a crime, the effect of alcohol on a person's reaction time or ability to feel pain, and blood splatter. As stated by the Seventh Circuit in *Musser*, "even treating physicians and treating nurses must be designated as experts if they are to provide expert testimony." *Musser*, 356 F.3d at 758. This Court has opined before in this case that the effects of alcohol on Mr.

Leaf the night of the shooting and blood splatter evidence is the subject of expert testimony. *Leaf v. Cottey*, 1:02-cv-00433-LJM-VSS, Order on Mot. in Limine Regarding Larry Danaher, David Balash and Dr. Michael Mullins (S.D. Ind. June 3, 2005) ("Expert Testimony Order"). The Court finds now that reconstruction of the shooting is also the subject of expert testimony. Apparently, Defendants recognize that these areas of testimony are subjects for experts because they have proffered three expert witnesses, one a forensic and law enforcement consultant, one a blood splatter expert and one a toxicologist. Having found that Defendants failed to disclose Dr. Pless as an expert, the Court must turn to whether or not such failure was justified or harmless.

Defendants apparently contend that their failure to disclose Dr. Pless as an expert is justified and/or harmless because Plaintiffs intended to call Dr. Pless as a treating physician, Plaintiffs recognized that Dr. Pless was an expert since he would testify as treating physician, and Plaintiffs deposed Dr. Pless two years prior to trial and asked him some questions related to the subjects upon which he opined at his trial deposition.[1] Plaintiffs agree that with respect to Dr. Pless' opinions as a treating physician, in other words as the supervisor of the autopsy, and opinions that flow from the facts Dr. Pless obtained from the autopsy, Defendants' failure is harmless because Plaintiffs also treated Dr. Pless as a treating physician on the opinions Dr. Pless derived from the autopsy. Plaintiffs' argument is that Dr. Pless' trial testimony goes beyond the scope of the autopsy or beyond the scope of opinions derived from the autopsy. Moreover, Plaintiffs argue that because Defendants

---

[1] Defendants rely, in part, on the opinion in *Martin v. CSX Trans., Inc.*, 215 F.R.D. 554 (S.D. Ind. 2003), for the proposition that a Rule 26 report from a treating physician is unnecessary when the other party has the opportunity to depose that witness. The Court finds that *Martin* is distinguishable from the instant case in two respects: 1) unlike in this case, the witness in *Martin* was disclosed as an expert and offered his opinions during his deposition such that the other party had plenty of time prior to trial to develop the basis for his opinions; and 2) unlike in this case, there was no allegation in *Martin* that the opinion offered by the witness was outside the scope of the witnesses treatment relevant to the case.

4

did not elicit the same opinions from Dr. Pless at this 2003 deposition, Plaintiffs were never on notice that Defendants intended to offer Dr. Pless' opinion testimony on subjects other than those derived from the autopsy. For the most part, the Court agrees.

During Dr. Pless' trial testimony Defendants elicited opinions from Dr. Pless about where Shelnutt's gun was located in the apartment when the shots were fired at Mr. Leaf. This is an opinion that is derived not from the evidence gathered at the autopsy, but is an opinion that stems from information gathered at the scene of the shooting. In other words, this is outside the scope of Dr. Pless' "treatment" of Mr. Leaf. Defendants contend that Plaintiffs opened the door to such opinions by asking Dr. Pless to opine about the position of the gun relative to Mr. Leaf's body. But Dr. Pless' opinion testimony on this issue is derived from his analysis of Mr. Leaf's body during the autopsy, not from information outside of that "treatment." Similarly, Dr. Pless' opinion testimony about the knife, where it was located or how it appeared and/or the presence or absence of blood splatter at the apartment is not derived from his autopsy of Mr. Leaf, but from other evidence gathered at the scene. Moreover, there is no evidence from Dr. Pless' autopsy report or from his testimony at the 2003 deposition that Defendants intended for Dr. Pless to opine about these subjects.

With respect to Dr. Pless' opinions on the effect of alcohol on Mr. Leaf's reactions on the night of the incident, the Court also finds this testimony improper. Defendants argue that Plaintiffs opened the door to such testimony at Dr. Pless' 2003 deposition. The Court disagrees. In the 2003 deposition, Plaintiffs developed testimony from Dr. Pless regarding the findings of the preliminary toxicology report, and about how Dr. Pless' findings in the autopsy supported Dr. Pless' opinion that Mr. Leaf was an alcoholic. However, Dr. Pless did not testify to or offer an opinion during the 2003 deposition upon the effect of the alcohol in Mr. Leaf's blood stream on Mr. Leaf's reactions on the

5

night of the incident. During Dr. Pless' deposition none of Defendants attorneys developed any testimony from Dr. Pless other than to clarify the autopsy report's notation that Mr. Leaf's body cavities smelled of alcohol, and to clarify that Dr. Pless could not opine on whether or not certain marks on Mr. Leaf's body would indicate he had been sleeping on a knife. In other words, there was no indication from the 2003 deposition that Defendants would seek opinion testimony from Dr. Pless about the effects of alcohol on Mr. Leaf on the night in question. Furthermore, on direct examination at the 2005 deposition, Plaintiffs asked no questions of Dr. Pless regarding the effect of alcohol on Mr. Leaf's reactions on the night in question.

Plaintiffs also complain about Dr. Pless' trial deposition testimony regarding arterial spurting. Defendants elicited the following opinion from Dr. Pless, over Plaintiffs' objection:

> Q  Doctor, I would refer you to what has been previously marked as Plaintiffs' Exhibit 42, which is a photograph of Mr. Leaf taken during the autopsy. Looking at that photograph, are there indications that arterial spurting took place?
>
> [Plaintiffs' Objection]
>
> * * *
>
> A  Yes.
>
> Q  And what is that evidence?
>
> [Plaintiffs' Objection]
>
> A  On the front of the left thigh you see rather large circular deposits of blood, which would indicate that blood spurted in large spurts onto the thigh.
>
> * * *
>
> Q  Can you say with a reasonable degree of medical certainty that that [sic] blood on the leg is arterial spurting?
>
> A  Yes.

Pless Tr. Dep. at 91-92. At the 2003 deposition, Plaintiffs elicited testimony from Dr. Pless that he

would expect arterial spurting from the wound to Mr. Leaf's mid-chest. Pless 2003 Dep. at 30. On direct examination of Dr. Pless at the 2005 trial deposition, Plaintiffs' elicited testimony from Dr. Pless that there would have been "a gushing of blood" out of the wound in Mr. Leaf's mid-chest. Pless Tr. Dep. at 39. Defendants contend that Dr. Pless' opinion about the blood splatter on Mr. Leaf is proper because Plaintiffs first elicited testimony about arterial spurting. The Court finds that this particular testimony is within the bounds of notice because Dr. Pless clearly derived his opinion from his observations of Mr. Leaf's body, not on information derived from the scene.

In summary, Court finds that Plaintiffs were prejudiced by Defendants' failure to disclose prior to the December 2005 trial deposition that they would elicit opinion testimony from Dr. Pless regarding the following subject matter: 1) the degree of John Patrick Leaf's ("Mr. Leaf") impairment due to alcohol intoxication, the impact of Mr. Leaf's alcohol intoxication upon his ability to feel pain, and whether Mr. Leaf was an acute chronic alcoholic; 2) the location of Shelnutt's gun within the apartment when it was fired and the amount of time elapsed between each of the three wounds; 3) the position of the knife at the scene of the incident; and 4) the meaning of or, presence or absence of blood splatter at the scene of the shooting. As a sanction for that failure, the Court finds that Dr. Pless' testimony on such topics may not be introduced by Defendants at trial.

The parties shall submit to the Court on or before Tuesday, January 17, 2006, at 12:00 noon, their remaining objections to Dr. Pless' trial deposition testimony in order for the Court to make rulings on such objections prior to presentation of his trial deposition before the jury.

## IV. **CONCLUSION**

For the foregoing reasons, plaintiffs', Larry J. Leaf, individually and as personal representative of the Estate of John Patrick Leaf, Deceased, Martha A. Leaf, and Charmayne E. Thomas, minor child of John Patrick Leaf, by her next friend, Larry J. Leaf, Motion to Strike Undisclosed Expert Opinion Testimony is **GRANTED in part and DENIED in part**. The parties shall submit to the Court on or before Tuesday, January 17, 2006, at 12:00 noon, their remaining objections to Dr. Pless' trial deposition testimony in order for the Court to make rulings on such objections prior to presentation of his trial deposition before the jury.

IT IS SO ORDERED this 12th day of January, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

William A. Hasbrook
RUCKELSHAUS ROLAND KAUTZMAN
   BLACKWELL & HASBROOK
wah@rucklaw.com

Laurel S. Judkins
OFFICE OF CORPORATION COUNSEL
ljudkins@indygov.org

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN
   BLACKWELL & HASBROOK
jfk@rucklaw.com

Andrew J. Mallon
OFFICE OF CORPORATION COUNSEL
amallon@indygov.org

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

Stephen M. Wagner
WAGNER REESE & CROSSEN LLP
swagner@injuryattorneys.com

Distributed via U.S. Postal Service to:

Janice Smith
JANICE E SMITH & ASSOCIATES
617 East Michigan Street
Indianapolis, IN 46202