UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY J. LEAF, *et al.*,<br>    Plaintiffs,<br><br>vs.<br><br>MARION COUNTY SHERIFF<br>JACK COTTEY, *et al.*,<br>    Defendants. | 1:02-cv-0433-LJM-VSS |

### ORDER ON DEFENDANTS' OBJECTION TO
### COURT'S PROPOSED ISSUE INSTRUCTION

This cause is now before the Court on defendants', Marion County Sheriff Jack Cottey (the "Sheriff"), in his official capacity and Deputy Ronald Shelnutt ("Shelnutt"), in his personal capacity (collectively, "Defendants"), Objection to Court's Proposed Issue Instruction. Defendants contend that the Court's Draft Preliminary Instruction would allow the jury to find facts that have already been established as the law of the case by the Seventh Circuit's opinion on interlocutory appeal. *See Leaf v. Shelnutt*, 400 F.3d 1070 (7th Cir. 2005). Plaintiffs, Larry J. Leaf, individually and as personal representative of the Estate of John Patrick Leaf (the "Estate"), Deceased, Martha A. Leaf, and Charmayne E. Thomas, minor child of John Patrick Leaf, by her next friend, Larry J. Leaf (collectively, "Plaintiffs"), argue that the Court's instruction is proper because the Seventh Circuit did not "establish facts" of the case, it merely reviewed the facts in the light most favorable to Plaintiffs, as required when ruling on a motion for summary judgment. Moreover, Plaintiffs contend that the nature of the inquiry in the Estate's case against Shelnutt is the reasonableness of Shelnutt's actions under the totality of the circumstances.

The Court finds that Defendants' Objection to Court's Proposed Issue Instruction should be

**OVERRULED**.

## I. DISCUSSION

The Court's proposed Preliminary Instruction, used prior to voir dire, prior to the start of the case, and as the basis for an issue instruction within the final jury instructions, reads as follows:

> Plaintiff, the Estate of John Patrick Leaf, has brought this law suit on behalf of John Leaf alleging that defendant, Deputy Ronald Shelnutt, violated John Leaf's constitutional right to be free from unreasonable seizure. The Estate has brought its claim under a federal statute, 42 U.S.C. § 1983, which provides that any individual may seek redress in this Court, by way of money damages, against any person who, under color of state law, deprives an individual of any of his constitutional rights.
>
> The Estate's federal civil rights claim is based upon the principle that the United States Constitution guarantees that every person shall be free from unreasonable seizures. The Fourth Amendment to the United States Constitution provides, in pertinent part:
>> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable . . . seizures, shall not be violated, . . .
>
> Plaintiff, the Estate of John Patrick Leaf, claims that defendant, Deputy Ronald Shelnutt, violated John Leaf's Fourth Amendment right when Deputy Shelnutt used unreasonable force against John Leaf, which resulted in John Leaf's death, during an investigation in John Leaf's apartment.
>
> Defendant, Deputy Ronald Shelnutt, denies that he used excessive force against John Leaf during an investigation in John Leaf's apartment.

The Court finds no reason to instruct the jury further about the facts of the case. There is no dispute that the issue before the jury is the reasonableness of Shelnutt's actions when he encountered John Patrick Leaf ("Mr. Leaf") in his bedroom. To the extent that facts leading up to that encounter may bear on that reasonableness, the Court disagrees with Defendants that the Seventh Circuit's

opinion in *Leaf* established those facts as a matter of law. However, this does not give the parties free reign to present evidence that is irrelevant to the only remaining issue in the case, which is whether or not Shelnutt used unreasonable force under the circumstances. Any attempt, by either party, to litigate the reasonableness of Shelnutt's actions in entering the apartment or conducting a protective sweep of the apartment will be admonished by the Court, and the Court will instruct the jury to ignore irrelevant evidence or argument if the parties fail to abide by this directive.

## II. CONCLUSION

Defendants', Marion County Sheriff Jack Cottey, in his official capacity and Deputy Ronald Shelnutt, Objection to Court's Proposed Issue Instruction is **OVERRULED**.

IT IS SO ORDERED this 16th day of January, 2006.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

William A. Hasbrook
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
wah@rucklaw.com

Laurel S. Judkins
OFFICE OF CORPORATION COUNSEL
ljudkins@indygov.org

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jfk@rucklaw.com

Andrew J. Mallon
OFFICE OF CORPORATION COUNSEL
amallon@indygov.org

Anthony W. Overholt
LOCKE REYNOLDS LLP
aoverholt@locke.com

Stephen M. Wagner
WAGNER REESE & CROSSEN LLP
swagner@injuryattorneys.com


Distributed via U.S. Postal Service to:

Janice Smith
JANICE E SMITH & ASSOCIATES
617 East Michigan Street
Indianapolis, IN 46202